Adam S. Heder
adam@jurislawyer.com
Christian Cho
christian@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMMIE HUNT, *individually and as guardian ad litem for* N.H *and* L.H., *her minor children*<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES COAST GUARD,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR NEGLGIENCE AND VIOLATION OF THE ORLTA**<br><br>**(Under Federal Tort Claims Act)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff pleads and alleges:

**PARTIES, VENUE, AND JURISDICTION**

1.

Ammie Hunt and her minor children, N.H. and L.H. at all relevant times herein, resided at 1548 Pacific Drive, Coos Bay, OR 97420, (the "Dwelling"). N.H. and L.H. are the natural born daughters of Ammie Hunt. The Dwelling is part of Coast Guard Military Housing, Cape Heart in Coos Bay, Oregon.

2.

At all relevant times herein, the Dwelling was owned, operated, and managed by the United States Coast Guard (the "Coast Guard"), a branch of the United States Armed Forces. Mrs. Hunt's husband is an active servicemember of the Coast Guard.

Page 1 – Complaint

3.

Venue is proper in the District of Oregon, Eugene Division, because the Dwelling is located within the Eugene Division of the United States District Court, and one party is part of the United States Government.

4.

The Court has jurisdiction over these claims, because Plaintiff has exhausted her administrative remedies pursuant to 28 U.S.C. §2675 of the Federal Tort Claims Act and received a final disposition from the Coast Guard.

**GENERAL ALLEGATIONS**

5.

Plaintiff and her family moved into the Dwelling in September 2022.

6.

In June 2024, Plaintiff's husband notified Defendant that mold was discovered growing on their shoes that were stored under their bed and requested Defendant look into potential sources of moisture ingress.

7.

Defendant did not hire any mold inspector to perform testing until November 2024. Plaintiff requested copies of the results of the inspection, but Defendant never provided her any.

8.

Because Defendant refused to provide her a copy of the mold inspection and because Defendant appeared to continue to not be taking her concerns seriously, Plaintiff hired her own mold inspector, Advanced Indoor Diagnostics, on November 22, 2024,

9.

Plaintiff's mold inspector found significant mold contamination in the attic due to moisture build up and condensation from improper ventilation and resulting inadequate air circulation.

10.

**JurisLaw LLP**
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

1  Plaintiff pleaded to have her family moved to another home, but she and her family were
2  not given permission to move until January 15, 2025.

3  11.

4  During the move out process and after settling into a new home, Plaintiff had to dispose of
5  many personal possessions. Some of these possessions were discovered with mold growing
6  directly on them.

7  12.

8  While living in the Dwelling, Plaintiff and her children developed numerous adverse health
9  symptoms, including chronic fatigue, headaches, rashes, worsening allergies, burning eyes,
10 swollen eyes, gastrointestinal tract problems, heart palpitations, mood swings, sleep disturbances,
11 chronically inflamed vocal cords, and chronic congestion. Despite consulting with doctors, these
12 symptoms went largely unexplained until after they found mold in the Dwelling in summer 2024.
13 Some of these symptoms were only linked with mold when they improved after Plaintiff and her
14 family moved out of the Dwelling.

15 13.

16 As a direct result of the water damaged and moldy conditions of the Dwelling, Plaintiff
17 and her children suffered from numerous adverse health symptoms, which will have long-term
18 negative impacts on their lives. Further, Defendants' own conduct and negligence caused the water
19 damage and mold growth to occur in the first place.

20 14.

21 As a direct result of the water damaged and moldy conditions of the Dwelling, Plaintiff
22 and her children have suffered damages in an amount to be proven at trial, but consistent with the
23 amounts presented in the Form SF95:

24     Ammie Hunt:    $388,340.00.

25     N.H:    $260,000.00.

26     L.H.:    $270,000.00

In aggregate, this caps Plaintiff's damages at $918,340.00

# FIRST CLAIM FOR RELIEF

## Violation of the Oregon Residential Landlord-Tenant Act (ORLTA)

15.

Plaintiff realleges and incorporates herein by reference paragraphs 1-14 above.

16.

There is no federal law that conflicts or supersedes the ORLTA, and Defendant is bound by its terms. Defendant has violated the ORLTA in at least the following particulars:

    a.    by failing to maintain the Dwelling in a habitable condition by preventing excessive interior dampness and related hazardous conditions; and

    b.    by failing to maintain the Dwelling in a habitable condition, and assuring that the Dwelling was safe, clean, sanitary and free from all accumulation of filth and debris for normal and reasonably foreseeable uses contrary to ORS 90.320.

17.

As a result of the violations, Plaintiff and her children suffered damages in an amount to be proven at trial, but not more than $918,340.00.

18.

Additionally, pursuant to ORS 90.255, Plaintiff is entitled to be awarded her attorney fees and costs if she prevails.

## SECOND CLAIM FOR RELIEF

### Negligence

19.

Plaintiff realleges and incorporates herein by reference paragraphs 1-14 above.

20.

**JurisLaw LLP**
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

Defendant was negligent in one or more of the following particulars:

a. in failing and refusing to inspect, install, maintain, remediate or keep the Dwelling in good repair, clean, healthy and free;

b. in failing and refusing to prevent the invasion of moisture;

c. in failing and refusing to keep the Dwelling free of excessive interior dampness, water damage, and related hazardous conditions;

d. in failing and refusing to inspect, install, maintain, remediate or keep the Dwelling free from disease, dust, and moisture;

e. in failing and refusing to inspect, install, maintain, remediate or keep the Dwelling in good repair, clean, healthy and free by allowing a toxic infestation of mold and/or other contaminants;

f. in failing and refusing to provide and maintain habitable Dwelling, i.e., keeping the Dwelling safe and healthy for normal and reasonably foreseeable uses;

g. in failing and refusing to prevent water damage, microbial contamination, and related toxins onto the Dwelling;

h. in failing and refusing, after notice or knowledge of the intrusion of moisture, mold and related toxins on the Dwelling, to remediate, repair and clean;

i. in failing and refusing to eliminate the toxic conditions on the Dwelling that Defendant caused, or allowed intentionally or in reckless disregard of the safety of others;

j. in failing and refusing to inspect, maintain and repair the Dwelling from dangers associated with mold and other toxins; and

k. in failing and refusing to take prompt and effective measures to protect occupants of the Dwelling from the risk of harm, disability, and injury.

21.

As a result of Defendant's negligence, Plaintiff and her children suffered damages in an amount to be proven at trial, but not more than $918,340.00.

Page 5 – Complaint

**JurisLaw LLP**
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

**PRAYER**

WHEREFORE, Plaintiff having proven her case herein prays the court to enter judgment against Defendant as follows:

1. As to the First Claim for Relief, Violation of ORLTA: damages not exceeding $918,340.00, all with post-judgment interest thereon, plus reasonable attorney fees and costs as prevailing party pursuant to ORS 90.255.

2. As to the Second Claim for Relief, Negligence: damages not exceeding $918,340.00 all with post-judgment interest thereon.

3. Any other relief the court finds just and proper.

DATED this 18th day of February 2026.

**JURISLAW LLP**

By: s/ Adam S. Heder
Adam S. Heder, OSB #151144
adam@jurislawyer.com
Christian A. Cho, OSB #223742
christian@jurislawyer.com

Of Attorneys for Plaintiff

Trial Attorney:
Adam S. Heder, OSB #151144

**CERTIFICATE OF SERVICE**

I certify that I served a true and complete copy of the foregoing **\*\*\*** on the date below as follows:

\*\*  
☐ Electronically via USDC CM/ECF system  
☒ Email  
☐ Facsimile  
☐ First-class mail, postage prepaid  
☐ Overnight courier, delivery prepaid  
☐ Hand-delivery

\*\*  
☐ Electronically via USDC CM/ECF system  
☒ Email  
☐ Facsimile  
☐ First-class mail, postage prepaid  
☐ Overnight courier, delivery prepaid  
☐ Hand-delivery

DATED this _____ day of _____ 2026.

**JURISLAW LLP**

By: ___s/Adam S. Heder_____  
Adam S. Heder, OSB #151144

*Page 1 – Certificate of Service*

**JurisLaw LLP**
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003